# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>            Plaintiff,<br><br>    v.<br><br>M. RUFF, et al.,<br><br>            Defendants. | CASE NO. 1:08-cv-01366-GSA PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Michael Reed Dorrough ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 12, 2008.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Summary of Complaint**

Plaintiff is currently housed at California State Prison-Corcoran. Plaintiff alleges a claim for violation of the Due Process Clause of the Fourteenth Amendment, arising from his validation as a member of the Black Guerrilla Family while he was housed at the California Correctional Institution in Tehachapi.

**A.      Due Process Claim**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). In light of the Supreme Court's decision in Wilkinson, the Court presumes the existence of a liberty interest in avoiding long term confinement

in the SHU, which is the result that follows a prisoner's validation as a gang member of associate. Wilkinson, 545 U.S. at 223-24.

The assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing to Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986)).

The minimal procedural protections require only that Plaintiff be provided with "an informal nonadversary hearing within a reasonable time" after segregation, notice of the charges or reasons for segregation, and an opportunity to present his views. Toussaint, 801 F.2d at 1100. Plaintiff was not entitled to detailed written notice, representation, the opportunity to present witnesses, or a written decision regarding the reasons for placement. Id. at 1100-01. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement . . . in . . . segregation." Id. at 1101.

In addition to these minimal protections, there must be "some evidence" supporting the decision. Bruce, 351 F.3d at 1287 (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)). However, the Due Process Clause does not require that all possible explanations except for the one reached by prison officials be eliminated. Hill, 472 U.S. at 457.

Plaintiff's allegations do not support a claim that he was validated without the minimal procedural protections he was due under federal law. The failure of the defendants to comply with Title 15 regulations governing validation or with the Castillo settlement agreement, as alleged in the complaint, do not support a claim. While Title 15 regulations may guarantee Plaintiff certain procedures under state law, the violation of those regulations does not support a federal due process claim. Further, to the extent that the defendants are violating the Castillo settlement agreement, Plaintiff's recourse is to contact class counsel in the Castillo case. "[A] civil rights action is not the proper means by which to enforce a remedial decree." Rogers v. Schriro, No. CV 07-0142-PHX-MHM (JRI), 2007 WL 2808226, *2 (D. Ariz. Sept. 25, 2007) (citations omitted). "Jurisdiction to

enforce the judgment is retained by the court that entered it," and "individual prisoners are not allowed to seek relief through a § 1983 action for violations of the decree." Id. (citations omitted).

Plaintiff's allegations establish that he was provided with notice and an opportunity to be heard. Federal law requires nothing further. Plaintiff's disagreement with the decision, and Plaintiff's challenge to some of the items used to validate him do not support a claim under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Plaintiff's complaint is significantly lengthier than necessary. The amended complaint should be brief and to the point. Plaintiff need only allege the basis for his due process claim and link each named defendant to the violation complained of. A lengthy narrative of all the facts is not called for under Rule 8(a) of the Federal Rule of Civil Procedure.

### III.   Conclusion and Order

Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **February 11, 2009**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE