# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. RUFF, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01366-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS TURMEZEI, RUFF, FISCHER, AND ROSENKRANS WITHIN THIRTY DAYS<br><br>(Doc. 11) |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Michael Reed Dorrough is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 12, 2008. On February 12, 2009, the Court dismissed the complaint, with leave to amend, for failure to state a claim. Now pending before the Court is Plaintiff's amended complaint, filed March 18, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II. Plaintiff's Due Process Claim

On November 2, 2006, at the California Correctional Institution in Tehachapi, Defendant T. Turmezei submitted a validation package recommending that Plaintiff be re-validated as Black Guerilla Family gang member, and on February 15, 2007, Plaintiff was validated by Defendants M. Ruff, Everett W. Fischer, and T. L. Rosenkrans.[1] Plaintiff alleges that he was validated without "some evidence," and disputes the validity of the five source items used against him. Plaintiff also alleges his request for an investigative employee was denied. As a result of Plaintiff's re-validation, he was sentenced to a six-year term in the Security Housing Unit (SHU).

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). The Due Process Clause itself does not confer on Plaintiff a liberty interest in avoiding "more adverse conditions of confinement." Id.; Hewitt v. Helms, 459 U.S. 460, 466-68, 103 S.Ct. 864 (1983). "[T]he touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive

---

[1] The Court takes judicial notice of Exhibits A and B, submitted in support of the original complaint. (Doc. 1.)

2

conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" Wilkinson at 223 (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995)). State-created liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin at 484.

Assuming prisoners have a protected liberty interest in avoiding long term confinement in the SHU, the assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing to Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986)). In addition to these minimal protections, there must be "some evidence" supporting the decision. Id. (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).

With the exception of alleging denial of an investigative employee, which does not state a claim because Plaintiff is not entitled under federal law to an investigative employee in gang validation proceedings, Toussaint, 801 F.2d at 1100-01, Plaintiff challenges only the evidence used against him. Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal at 1948-49.

Plaintiff's allegations are sufficient to state a claim against Defendants Turmezei, Ruff, Fischer, and Rosenkrans, who were directly involved in validating him as a gang member. However, Defendant Gentry may not be held liable on the basis that he supervised Defendant Turmezei, Iqbal at 1949, and Defendants Eubanks and Stocker may not be held liable based on their involvement in reviewing Plaintiff's inmates appeals grieving his validation, id. at 1949; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Absent personal involvement in validating Plaintiff

without due process of law, which has not been alleged, Plaintiff fails to state a claim against Defendants Gentry, Eubanks, and Stocker.

### III. Conclusion and Order

Plaintiff's amended complaint states claims against Defendants Turmezei, Ruff, Fischer, and Rosenkrans for validating Plaintiff as a gang member without "some evidence," in violation of the Due Process Clause. However, Plaintiff allegations do not support claims against Defendants Gentry, Eubanks, and Stocker. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against Defendants Turmezei, Ruff, Fischer, and Rosenkrans, Plaintiff may so notify the Court in writing, and the other defendants will be dismissed for failure to state a claim against them. Plaintiff will then be provided with four summonses and four USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Turmezei, Ruff, Fischer, and Rosenkrans.

If Plaintiff opts to amend, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal at 1950.

Finally, as previously set forth, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File a second amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file a second amended complaint and is willing to proceed only against Defendants Turmezei, Ruff, Fischer, and Rosenkrans on his due process claim; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:** **August 4, 2009**            /s/ **Gary S. Austin**
                          UNITED STATES MAGISTRATE JUDGE