# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. RUFF, et al.,<br><br>　　　　Defendants. | CASE NO: 1:08-cv-01366-GBC (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br>(Doc. 18)<br><br>ORDER DIRECTING DEFENDANTS TO FILE ANSWER WITHIN THIRTY DAYS |

**I.    Procedural Background**

Plaintiff Michael Reed Dorrough is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint filed on August 21, 2009, against Defendants M. Ruff, Everett W. Fischer, T.L.Rosenkrans and T. Turmezei. (Docs. 13, 14). On May 14, 2010, Defendants Ruff, Fischer and Rosenkrans filed a motion to dismiss. (Doc. 18). On June 3, 2010, Defendant Turmezei filed a joinder to the motion to dismiss. (Doc. 20). On May 27, 2010, Plaintiff filed an opposition. (Doc. 19). On June 3, 2010, Defendants filed a reply.

**II.    Motion to Dismiss Standard**

'The focus of any Rule 12(b)(6) dismissal . . . is the complaint.' *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (quoting *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that

is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949-50. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Additionally, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### III.     Res Judicata Legal Standard

Claim preclusion (res judicata) pertains to 'the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . .' *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ('Res judicata precludes the litigation of "any claims that were raised or could have been raised" in a previous lawsuit.'). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)).

### A.     Analysis

In the motion to dismiss, Defendants argue that this action is barred by res judicata since it raises identical claims that was brought in a previously dismissed habeas case: *Dorrough v. Ruff, et al.*, Case No. 1:07-CV-01771 AWI SMS HC (dismissed August 5, 2008). Plaintiff correctly argues in his opposition that although the Findings and Recommendations recommended dismissing the action with prejudice, the habeas action was ultimately dismissed without prejudice. *Dorrough v. Ruff, et al.*, Case No. 1:07-CV-01771 at Doc. 13 (dismissed August 5, 2008).

Final judgment on the merits is required for finding that an action is barred by res judicata. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). The

nature of dismissing an action without prejudice is to allow Plaintiff to refile the action. Defendants failed to demonstrate that this instant action is barred by res judicata.

### IV.   Failure to State a Claim

Defendants fail to demonstrate that the Court's initial screening of the complaint is incorrect and that Plaintiff fails to state a claim. Defendants' reference to a previous habeas case is unpersuasive given that Plaintiff in this action was allowed to amend his complaint twice in order to state a claim. Thus the complaint in the former habeas action is substantively different than the complaint in this action.

### V.   Conclusion

Based on the foregoing, the Court finds that Plaintiff's action is not barred by res judicata and that Plaintiff states a due process claim. Therefore, the Court HEREBY Orders that:

1. Defendants' motion to dismiss filed on May 27, 2010, is DENIED. (Doc. 18); and
2. Defendants are to file an answer to the complaint within thirty (30) days of service of this order.

IT IS SO ORDERED.

Dated:   July 1, 2011

UNITED STATES MAGISTRATE JUDGE