# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH, | CASE NO: 1:08-cv-01366-LJO-GBC (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND VACATING THE COURT ORDER ON JULY 1, 2011 |
| v. | |
| M. RUFF, et al., | (Docs. 18, 27) |
| Defendants. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| / | (Doc. 18) |

### I.  Procedural Background

Plaintiff Michael Reed Dorrough is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint filed on August 21, 2009, against Defendants M. Ruff, Everett W. Fischer, T.L.Rosenkrans and T. Turmezei. (Docs. 13, 14). On May 14, 2010, Defendants Ruff, Fischer and Rosenkrans filed a motion to dismiss. (Doc. 18). On June 3, 2010, Defendant Turmezei filed a joinder to the motion to dismiss. (Doc. 20). On July 1, 2011, the magistrate judge assigned to the case denied Defendants' motion to dismiss. (Doc. 26). On July 6, 2011, Defendants filed a motion for reconsideration. (Doc. 27). On July 20, 2011, Plaintiff filed an opposition. (Doc. 28). On October 5, 2011, Defendants submitted notice that they do not consent to the magistrate's jurisdiction. (Doc. 36).

### II.  Motion to Reconsider

"Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties, unless a different time is prescribed by the Magistrate Judge or the Judge." Local Rule 72-303(b). Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or

judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir.2007); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Although Plaintiff's objections focus on the Magistrate Judge's finding regarding res judicata, the Court finds that the issue regarding the application of the "some evidence" standard was omitted from the order denying Defendants' motion to dismiss. (Doc. 26). Upon review of Defendants' motion to dismiss and the Magistrate Judge's order, the Court concludes that Defendants are entitled to dismissal based on Plaintiff's failure to state a claim since Plaintiff's exhibits attached to his original complaint demonstrate that there exists 'some evidence' with an indicia of reliability supporting the gang validation.

///

### III.   Motion to Dismiss Standard

When ruling on a motion to dismiss, a court may "'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to

judicial notice.'" *See Colony Cove Properties, LLC v. City Of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (articulating the de novo review standard, quoting *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir.2007). 'The focus of any Rule 12(b)(6) dismissal . . . is the complaint.'  *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (quoting *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000) (a court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### IV.   Due Process Required for Gang Validation

On August 4, 2009, and February 16, 2010, Plaintiff's claim was screened and proceeded solely on the issue of due process violation based on the absence of "some evidence." (Docs. 12, 14).  As this was the only claim to proceed, the Court addresses this narrow issue.  Prison gang validation decisions need only be supported by "some evidence," with "sufficient indica or reliability."  *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir.2003); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985); Shamburger v. Kirland, 404 Fed.Appx. 228, 2010 WL 4746150 (9th Cir. 2010); *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir.1997); *Ruiz v. Cate*, 2011 WL 2213736 at *1 (9th Cir. 2011); *Verwolf v. Hamlet*, No. 3:03-cv-00807, 2003 WL 22159055, at *2 (N.D. Cal. Sept. 17, 2003) (finding that a prison gang affiliated tattoo satisfied the "some evidence" standard). California's policy of assigning suspected gang affiliates to the Security Housing Unit ("SHU") is not a disciplinary measure but rather a largely discretionary administrative strategy to promote order and safety, as observed by the Ninth Circuit:

> California's policy of assigning suspected gang affiliates to the Security Housing Unit is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates. Although there are some minimal legal limitations, *see, e.g., Toussaint v. McCarthy*, 801 F.2d 1080 (9th

Cir.1986) ..., the assignment of inmates within the California prisons is essentially a matter of administrative discretion.

*Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir.2003)(quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (internal quotation marks omitted)).

### A.    Analysis

On November 2, 2006, at the California Correctional Institution in Tehachapi, Defendant T. Turmezei submitted a validation package recommending that Plaintiff be re-validated as Black Guerilla Family gang member, and on February 15, 2007, Plaintiff was validated by Defendants M. Ruff, Everett W. Fischer, and T. L. Rosenkrans.[1] Plaintiff alleges that he was validated without "some evidence," and disputes the validity of the five source items used against him. Plaintiff also alleges his request for an investigative employee was denied. As a result of Plaintiff's re-validation, he was sentenced to a six-year term in the Security Housing Unit (SHU).

Attached to Plaintiff's original complaint filed on September 12, 2008, are exhibits detailing the evidence used to certify Plaintiff as a Black Guerilla Family ("BGF") gang member. (Doc. 1 at 25-34). One of the reports detailing the findings of the Institutional Gang Investigator cited the following evidence: 1) Plaintiff was identified as utilizing a third party to forward his mail to a validated associate of the BGF prison gang; 2) review of the outgoing letter identified Plaintiff as the "President of Committee Plainning and Distribution of Strategic Initiatives" for the BGF; 3) two other letters identifying Plaintiff as a member of the BGF; 4) a tattoo with "weusi gaida jamaa" which is Swahilli for "Black Guerilla Family"; 5) and five confidential informant sources. (Doc. 1 at 25). Plaintiff does not dispute the existence of the tattoo. Plaintiff challenges the confidential informants and the use of literature that may have indicated Plaintiff's membership in the BGF gang. (Docs. 13, 28).

The "some evidence" standard sets a low bar, consistent with the recognition that assignment of inmates within prisons is "essentially a matter of administrative discretion," subject to "minimal legal limitations." *Bruce*, 351 F.3d at 1287 (citing *Toussaint v. McCarthy*, 801 F.2d 1080 (9th Cir.1986) , with respect to the minimal limitations). A single piece of evidence may be sufficient

---

[1] The Court takes judicial notice of the exhibits submitted in support of the original complaint. (Doc. 1).

to meet the "some evidence" requirement, if that evidence has "sufficient indicia of reliability." *See id.* at 1288 (concluding that the district court correctly noted that under the "some evidence" standard, any one of "the three pieces of evidence would have sufficed to support the validation because each has sufficient indicia of reliability"); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) ("relevant question is whether there is any evidence in the record that *could* support the conclusion reached by the disciplinary board" (citing *Superintendent v. Hill*, 472 U.S at 455-56 (emphasis in original)).

Even if the Court were to exclude the evidence from the confidential sources, the evidence from the various correspondences and Plaintiff's tattoo indicating his membership in the BGF gang carry sufficient indicia of reliability to meet the "some evidence" standard.  As some evidence with sufficient indicia of reliability exists, there was no violation of Plaintiff's Due Process rights and this action must be dismissed on the grounds that Plaintiff has failed to state a claim upon which relief could be granted.

**V.     Conclusion**

Based on the foregoing, the Court HEREBY Orders that:

1. Defendants' motion for reconsideration of order denying motion to dismiss filed on July 6, 2011, is GRANTED (Doc. 27);

2. The order denying Defendants' motion to dismiss filed on July 1, 2011, is VACATED (Doc. 26); and

3. Defendants' motion to dismiss filed on May 14, 2010, is GRANTED and Plaintiff's claim against Defendants be DISMISSED WITH PREJUDICE (Doc. 18); and

4. The Clerk of the Court close the case.

IT IS SO ORDERED.

**Dated:     November 8, 2011**                              /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE