# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL REED DORROUGH,<br><br>         Plaintiff,<br><br>    v.<br><br>M. RUFF, et al.,<br><br>         Defendants.<br>                                                           / | CASE NO: 1:08-cv-01366-LJO-GBC (PC)<br><br>ORDER DENYING RULE 59(e) MOTION FOR RECONSIDERATION |

## I.      Procedural Background

Plaintiff Michael Reed Dorrough is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 14, 2010, Defendants Ruff, Fischer and Rosenkrans filed a motion to dismiss. Doc. 18. On June 3, 2010, Defendant Turmezei filed a joinder to the motion to dismiss. Doc. 20. On July 1, 2011, the magistrate judge assigned to the case denied Defendants' motion to dismiss. Doc. 26. On July 6, 2011, Defendants filed a motion for reconsideration. Doc. 27. On November 9, 2011, the District Court Judge granted Defendants' motion for reconsideration, vacated the magistrate judge's order filed on July 1, 2011, and dismissed the action with prejudice for failure to state a claim. Doc. 39. On November 30, 2011, Plaintiff filed a notice of appeal. Doc. 41. On December 5, 2011, Plaintiff filed a Rule 59(e) motion for reconsideration. Doc. 45.

///

///

1

## II.     Legal Standard and Analysis

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). 'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.' *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam)). But amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.' *Id.* In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

In Plaintiff's motions for reconsideration, Plaintiff argues that the Court erred in its order filed November 9, 2011, by not considering: 1) whether Plaintiff had a constitutionally protected liberty interest in remaining free from administrative segregation; and 2) "whether or not the twenty-three years that Plaintiff has been housed in isolation even though Plaintiff has not been charged with or accursed of commissioning any 'unlawful act(s) or act(s) of misconduct classified as serious pursuant to § 3385 of the CCR Title 15,' constitutes an 'atypical and significant hardship in relation to the ordinary incidents of prison life.'" Doc. 45 at 1-2. Further, Plaintiff argues that the Court erred in "introducing new, previously used material as evidence that has nothing to do with this case and that was never used in Plaintiff's 2006 validation." Doc. 45 at 4. Plaintiff argues that the Court should not have considered the tattoo as evidence since § 3378 of the CCR Title 15 states that Defendants cannot use information such as a gang tattoo for validation purposes if such tattoo is older than six years old and Plaintiff asserts that there is no dispute that Plaintiff has had his tattoo since 1978. Doc. 45 at 6.

///
///
///

### A.  Constitutionally Protected Liberty Interest

Regarding Plaintiff's assertions about failing to consider Plaintiff's constitutionally protected interest, even assuming prisoners have a protected liberty interest in avoiding long term confinement in the Security Housing Unit ("SHU"), Plaintiff still would need to overcome the requirement that his gang validation was not supported by "some evidence."

### B.  The Relevance of Plaintiff being isolation for twenty-three years

It does not appear that Plaintiff has previously raised the issue of remaining in the SHU for twenty-three years and Plaintiff fails to direct the Court where he has previously brought up the issue.  A district court may disregard legal arguments already considered and facts that are introduced for the first time in the motion for reconsideration that were available earlier. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  It appeared from the complaint that Plaintiff was no longer in the SHU but was re-validated as a Black Guerilla Family ("BGF") gang member in 2006.

If Plaintiff was already in the SHU but had a periodic review in 2006 to retain Plaintiff in the SHU, challenging the sufficiency of procedures employed in initially placing a prisoner in the secured housing unit is different from challenging the sufficiency of procedures used in determining whether to retain a prisoner in administrative segregation. *See Hewitt v. Helms*, 459 U.S. 460, 477 n. 9 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir.1986); *Sheley v. Dugger*, 833 F.2d 1420 (11th Cir. 1987). As the United State Supreme Court noted in dicta:

> Prison officials must engage in some sort of periodic review of the confinement of [administratively segregated] inmates. This review will not necessarily require that prison officials permit the submission of any additional evidence or statements. The decision whether a prisoner remains a security risk will be based on facts relating to a particular prisoner-which will have been ascertained when determining to confine the inmate to administrative segregation-and on the officials' general knowledge of prison conditions and tensions, which are singularly unsuited for "proof" in any highly structured manner.

*Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Periodic reviews that a prisoner receives while being held in the administrative

segregation unit are sufficient procedural protections to satisfy the Due Process Clause. *See Hewitt v. Helms*, 459 U.S. 460, 477 n. 9 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir.1986) (instructing that while prison officials must engage in some sort of periodic review of the confinement of prisoners held in administrative segregation, this review does not require that prison officials permit the submission of additional evidence or statements); *Black v. Parke*, 4 F.3d 442, 447-48 (6th Cir. 1993); *Sheley v. Dugger*, 833 F.2d 1420 (11th Cir. 1987); *Pina v. McGrath*, 299 Fed.Appx. 726, 727 (9th Cir. 2008) (unpublished); *see also McKeithan v. Beard*, 322 Fed.Appx. 194, 199 (3d Cir. 2009) (unpublished).

As it appears this is the first time Plaintiff is raising this issue, the Court will disregard it. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

### C. Allegation that the Court used new evidence

Plaintiff asserts that the Court erred in "introducing new, previously used material as evidence that has nothing to do with this case and that was never used in Plaintiff's 2006 validation." Doc. 45 at 4. Plaintiff's contention is without merit. The Court took judicial notice of evidence that Plaintiff attached to his own original complaint. Doc. 39 at 4 n.1 (taking judicial notice of Plaintiff exhibits submitted in support of Plaintiff's original complaint).

### D. The Relevance of the Tattoo

Plaintiff argues that based on California codes, Defendants cannot use the same tattoos that he has had for over thirty-three years to re-validate Plaintiff as a member of BGF gang. Essentially, Plaintiff argues that a tattoo can be so old that it lacks having sufficient indicia of reliability. *See Harrison v. McGrath*, No. 3:02-cv-01924, 2004 WL 1465698, at * 6 (N.D. Cal., June 21, 2004). The Ninth Circuit in *Bruce v. Ylst*, supports a finding that repeated use of the same evidence may not be contrary to Constitutional law. *See Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003) ("The prison cannot be foreclosed from using the same evidence in the future in connection with his continuing imprisonment."). However, whether a tattoo can be "too old" to provide a sufficient indicia of reliability has yet to be throughly addressed. In *Treglia v. Director of California Dept. of Corrections*, the Plaintiff claimed that he had his gang affiliated tattoo since the age of twelve and did not understand the full significance of the tattoo, however, the Court found that other evidence

was available to satisfy the "some evidence" standard. *Treglia v. Director of California Dept. of Corrections*, No. 2:09-cv-352-KJN, 2010 WL 4905741, at *6 (E.D. Cal. November 24, 2010). The court in *Harrison v. McGrath*, observed that "There may be a point at which evidence is so old and remote, e.g., 20–30 years old, that it cannot clear the very low "some evidence" hurdle to show current membership in a gang, but the 1—and 3–year old evidence used here to validate Harrison, as a matter of law, is not so old that it does not meet the some evidence standard." *Harrison v. McGrath*, No. 3:02-cv-01924, 2004 WL 1465698, at * 6 (N.D. Cal., June 21, 2004).

In this instance, since only one piece of evidence with a sufficient indicia of reliability satisfies the "some evidence" standard, the Court declines to make a final determination as to whether Plaintiff's tattoo is too old to carry a sufficient indicia or reliability. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). In this instance, the Court found that the evidence from the various correspondences and third part mail contacts carried sufficient indicia of reliability to meet the "some evidence" standard. Doc. 39. Therefore, Plaintiff has failed to demonstrate that the dismissal of his action should be vacated.

### III.    Conclusions and Order

The Court finds that Plaintiff has failed to demonstrate that he is entitled to reconsideration pursuant to Rule 59(e). Having carefully reviewed the entire file, the Court finds its order dismissing Plaintiff's action is supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration filed on December 5, 2011, is DENIED. Doc. 45.

IT IS SO ORDERED.

**Dated:    December 15, 2011**            **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE